IN THE CIRCUIT COURT, SEVENTH JUDICIAL CIRCUIT, IN AND FOR ST. JOHNS COUNTY, FLORIDA

CASE NO.:
DIVISION:

SARAH M. WILSON,
an individual,

       Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Foreign Profit Corporation,

       Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SARAH M. WILSON (hereinafter "SARAH WILSON"), by and through her undersigned attorneys, hereby sues Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter "STATE FARM"), a foreign profit corporation, and alleges:

### JURISDICTION

1. This is an action seeking damages in excess of $75,000.00 exclusive of costs, interest and attorney's fees.[1]

2. At all times material hereto, Plaintiff was a resident of St. Johns County, Florida.

---

[1] The estimated value of Plaintiff's claim is in excess of the jurisdictional threshold minimum required by this Court. As such, Plaintiff has made this allegation in paragraph one of Plaintiff's Complaint, and has entered "$75,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the Civil Cover Sheet *for jurisdictional purposes only*. The actual value of Plaintiff's claim will be determined by a fair and just jury in light of the evidence, including non-economic damages, for which there is no exact standard for measuring such damage.

1

3. At all times material hereto, Defendant, STATE FARM, was a foreign profit corporation, doing business within the State of Florida, authorized and doing business in St. Johns County, Florida.

4. Venue in this action is proper as Defendant, STATE FARM, regularly conducts business, has offices, and/or has agents and regularly issues policies of insurance in St. Johns County, Florida and the events giving rise to this action occurred in St. Johns County, Florida.

5. On or about November 2, 2021, at approximately 9:00 a.m., Plaintiff, SARAH WILSON, was lawfully operating a 2017 Honda Element, bearing VIN 5FNYF6H9XHB065152, on Walden Chase Lane, in Ponte Vedra, St. Johns County, Florida.

6. Plaintiff, SARAH WILSON, was traveling eastbound on Walden Chase Lane, east of Ashton Lane, prior to the motor vehicle collision.

7. At that time and place, Yevgeniya Mikhailovna Trifonova negligently operated a 2011 Ford Focus, VIN: 1FAHP3GN6BW113460, owned and/or maintained by Jorge E. Tijerina-Trevino, such that he crossed the center lane on Walden Chase Lane, striking the vehicle operated by Plaintiff, SARAH WILSON, causing Plaintiff, SARAH WILSON, to be injured.

8. At all material times, Yevgeniya Mikhailovna Trifonova was an uninsured/underinsured motorist as defined by Florida Statute §627.727, and the subject STATE FARM Policy herein.

9. Prior to the motor vehicle collision on November 2, 2021, a policy of uninsured/underinsured motorist coverage was purchased by James Henry Wilson, from STATE FARM having a policy number of G64 4027-E12-59A, which extended benefits to the Plaintiff, SARAH WILSON. The purpose of such uninsured/underinsured motorist coverage was to provide insurance coverage in the event that the Plaintiff was injured by a party or parties who either had

no bodily injury insurance coverage or did not have sufficient bodily injury liability insurance coverage to cover all losses, injuries and damages suffered by the Plaintiff. A copy of the subject STATE FARM Policy has been attached to this Complaint as **Exhibit A**.

## COUNT I

### UM CLAIM AGAINST DEFENDANT, STATE FARM, FOR THE NOVEMBER 2, 2021, MOTOR VEHICLE COLLISION

10. The Plaintiff re-alleges paragraphs 1-9 above and further alleges:

11. That at all times material hereto, STATE FARM did sell and cause to be issued a policy of automobile liability insurance, policy number G64 4027-E12-59A, to James Wilson, with said policy providing coverage to the Plaintiff, SARAH WILSON.

12. The above policy issued by STATE FARM, which provided coverage to Plaintiff as a driver of the insured vehicle, contained Uninsured/Underinsured Motorist Bodily Injury Coverage with limits of $250,000 per accident.

13. At all times material hereto, Yevgeniya Mikhailovna Trifonova did not have enough bodily injury insurance coverage or assets to cover all of Plaintiff, SARAH WILSON's losses, injuries and damages resulting from the November 2, 2021, motor vehicle collision.

14. As such, Yevgeniya Mikhailovna Trifonova was an uninsured/underinsured motorist under Florida Statute §627.727, and the subject STATE FARM Policy.

15. Plaintiff, SARAH WILSON, has complied with all terms and conditions of the STATE FARM policy, and further, performed all conditions precedent to the bringing of this action. In the alternative, if Plaintiff has not complied with some of the terms or conditions of the STATE FARM policy, STATE FARM has not been prejudiced in any manner whatsoever.

16. Accordingly, STATE FARM is obligated to provide the Plaintiff, SARAH WILSON, with uninsured/underinsured motorist benefits under the terms of the automobile

policy.

17. STATE FARM has failed to honor its above-referenced contract of insurance with the Plaintiff and has failed to acknowledge or settle the Plaintiff's claim for benefits for the policy of insurance for which is now due and remains unpaid, all to the damage of the Plaintiff, SARAH WILSON.

18. As a result of the November 2, 2021 collision, and the foregoing allegations which have been incorporated and adopted herein, Plaintiff, SARAH WILSON, has suffered permanent injuries and/or permanent aggravations of pre-existing injuries within a reasonable degree of medical probability and damages and seeks reimbursement from STATE FARM for all losses, injuries and damages incurred by her in the subject collision.

19. As a direct and proximate result of the negligence of an uninsured/underinsured motorist, Yevgeniya Mikhailovna Trifonova, Plaintiff, SARAH WILSON, was injured in and about her body resulting in pain and suffering, incurred medical and related expenses in the treatment of her injuries, disability, disfigurement, mental anguish, loss of capacity to enjoy life, loss of earnings, loss of earning capacity in the future, and aggravation of a previously existing condition. These losses are either permanent or continuing in nature and she will suffer the losses and impairment in the future.

20. In that the injuries suffered by the Plaintiff are continuing in nature, she will continue to suffer pain, disfigurement, scarring, psychological and emotional injuries, physical handicap and permanent injury in the future, loss of wages and earning capacity, and will be further compelled to expend great sums of money for future medical care and related treatment for those injuries and will continue to suffer the loss of the capacity for the enjoyment of life.

21. WHEREFORE, Plaintiff, SARAH WILSON, demands judgment against the

Defendant, STATE FARM, for damages in excess of $75,000.00, costs of this action, interest, a trial by jury on all issues so triable, and any other relief this Court deems just and proper.

## COUNT II

## VIOLATIONS OF F.S. SECTION 624.155

22. The Plaintiff readopts and realleges the allegations of paragraphs 1-21 above as if fully contained herein.

23. This claim will ripen upon the determination by the Court or by confession of judgment by STATE FARM that Plaintiff, SARAH WILSON is entitled to the limits of uninsured/underinsured motorist benefits under the Policy.

24. Plaintiff, SARAH WILSON timely reported the claim to STATE FARM and otherwise complied with all of her obligations under the Policy.

25. On March 16, 2023, Plaintiff, SARAH WILSON, filed a Civil Remedy Notice of Insurer Violations ("CRN") with the Florida Department of Insurance and served a copy of the CRN upon STATE FARM. A copy of the CRN is attached hereto as Exhibit "B."

26. As a result of the injuries caused by the negligence of the underinsured motorist and the relationship between the parties under the Policy, STATE FARM, owed a duty to Plaintiff, SARAH WILSON to attempt in good faith to settle Plaintiff's uninsured/underinsured motorist claim when, under all the circumstances it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for Plaintiff, SARAH WILSON's interests.

27. STATE FARM further owed to Plaintiff, SARAH WILSON a duty to refrain from engaging in unfair claim settlement practices.

28. STATE FARM breached its duties to Plaintiff, SARAH WILSON, in violation of Florida Statute §624.155, by:

a.  Failing to attempt in good faith to settle Plaintiff, SARAH WILSON's uninsured/underinsured motorist claim when under all of the circumstances it could have and should have done so, had it acted fairly and honestly and with due regard for Plaintiff, SARAH WILSON's interests, who was an insured, in violation of Florida Statutes §624.155(1)(b)(1);

b.  Engaging in unfair claims settlement practices in violation of §626.9541(1)(i)(3) a, c, d, and f, Florida Statutes. More specifically, STATE FARM

   i.  failed to adopt and implement standards for the proper investigation of claims, including coverage;

   ii. failed to acknowledge and at promptly upon communications with respect to claims;

   iii. denied claims without conducting a reasonable investigation based upon the evidence;

   ii. failed to provide a reasonable written explanation of the basis in the insurance policy, in relation to the facts or applicable law, for denial of a claim or for the offer of a compromise settlement;

29. The acts complained of herein constituted STATE FARM's general business practices in that they (a) were expressions of, and in compliance with, standard company practices and procedures, (b) are said by STATE FARM to be in conformity with what it contends are standard and good faith claims practices, and consequently or incidentally, (c) occur with such frequency as to indicate general business practices.

30. As a direct and proximate result of STATE FARM's actions and/or inactions as set forth above, Plaintiff, SARAH WILSON has been damaged.

31. Defendant failed to cure its bad faith and more than 60 days have passed since the filing and service date of the CRN.

32. As a result of STATE FARM's failure to act in good faith and statutory violations alleged above, Plaintiff, SARAH WILSON is entitled to recover the total amount of her damages pursuant to Florida Statutes §627.727(10), including all damages suffered as a result of the November 2, 2021 collision, and all damages caused by STATE FARM's failure to act in good faith and committing of the statutory violations alleged above.

33. STATE FARM's violation of §624.155, Florida Statutes, has caused damages to Plaintiff, SARAH WILSON of interest on unpaid benefits, pre-judgment interest accrued since the date of STATE FARM's violation; attorneys' fees incurred by Plaintiff, SARAH WILSON in the prosecution of her claim for uninsured/underinsured motorist benefits and prejudgment interest thereon; costs incurred in the prosecution of Plaintiff, SARAH WILSON's claim for UM benefits, including expert witness fees; costs incurred in the prosecution of Plaintiff, SARAH WILSON's claim for violation of Section 624.155, Florida Statutes; and post-judgment interest.

34. As a further direct and proximate result of STATE FARM's failure to act in good faith and statutory violations alleged above, Plaintiff, SARAH WILSON had to retain the services of the undersigned attorneys and contracted with them for the payment of their attorneys' fees to bring this action and recover the excess damages owed by STATE FARM. By operation of law, including § 627.428, Florida Statutes, STATE FARM will be obligated to pay those fees upon the successful conclusion of Plaintiff, SARAH WILSON's claim.

35. All conditions precedent to Plaintiff, SARAH WILSON's rights to bring this action have occurred or been satisfied.

WHEREFORE, the Plaintiff, SARAH WILSON, demands judgment against Defendant,

STATE FARM, a foreign corporation, for the total damages suffered by Plaintiff, pre and post-judgment interest, attorneys' fees pursuant to §624.155, 627.727(10), and §627.428, Florida Statutes, costs, and any and all other relief this Court deems necessary and proper.

Dated this **20th** day of **March, 2023.**

                 **COKER LAW**

                 */s/ Chelsea R. Harris*
                 **CHELSEA R. HARRIS, ESQ.**
                 Florida Bar No.: 28368
                 **DANIEL A. IRACKI, ESQ.**
                 Florida Bar No.: 0041212
                 136 East Bay Street
                 Jacksonville, Florida 32202
                 (904) 356-6071
                 (904) 353-2425 Facsimile
                 crh@cokerlaw.com (Primary)
                 cam@cokerlaw.com
                 ced@cokerlaw.com
                 Attorneys for Plaintiff